IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**VIRGIL LAMB**,

      Plaintiff,

v.                                           **CIVIL ACTION NO. 5:22-CV-217**
                                                    Judge Bailey

**TIMOTHY TIBBS, MICHAEL COSTELLO,
SAMANTHA SAMS,** and **JOSEPH WOOD**,

      Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before this Court is a Report and Recommendation ("R&R") [Doc. 59], prepared and entered by United States Magistrate Judge James P. Mazzone on March 29, 2023. Therein, the magistrate judge recommends that Defendants Shannon Sams and Superintendent Joseph Wood's Motion to Dismiss Plaintiff's Complaint [Doc. 15] be granted in part, that Defendants Timothy Tibbs and Michael Costello's Motion for Judgment on the Pleadings [Doc. 30] be denied, and that claims II, III, IV, V, and VI be dismissed as to defendant Wood only. See [Doc. 59 at 28].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Notably, plaintiff filed no objections to the R&R. Accordingly, this Court will review the entirety of the R&R for clear error.

A review of the record for clear error indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation is **AFFIRMED** and **ORDERED ADOPTED**.

As such, Defendants Shannon Sams and Superintendent Joseph Wood's Motion to Dismiss Plaintiff's Complaint [**Doc. 15**] is **GRANTED IN PART**, Defendants Timothy Tibbs and Michael Costello's Motion for Judgment on the Pleadings [**Doc. 30**] is **DENIED**, and claims II, III, IV, V, and VI are **DISMISSED,** as to defendant Wood only, for the reasons contained in Magistrate Judge Mazzone's R&R.

It is so **ORDERED**.

The Clerk is directed to forward a copy of this Order to all counsel of record..

**DATED:** May 1, 2023.

                                                JOHN PRESTON BAILEY
                                                **UNITED STATES DISTRICT JUDGE**